UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODEREK RANDOLPH,

    Plaintiff,

v.

    Case No. 15-13975
    HON. DENISE PAGE HOOD

DETROIT PUBLIC SCHOOLS,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [#22] AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#17]**

**I.    INTRODUCTION**

The instant dispute stems from Defendant's alleged violation of Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C.§ 2601 *et seq.* (the "FMLA"). Plaintiff alleges Defendant interfered with his rights under the FMLA by telling him he was not qualified for FMLA and failing to provide him with up to 12 weeks unpaid leave to care for his mother who was suffering from a serious medical condition.

On August 1, 2016, Defendant filed a Motion for Summary Judgment **[Docket No. 22]**, and Defendant's Motion has been fully briefed. A hearing on Defendant's

Motion was held on November 30, 2016. For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's cause of action.

## II. BACKGROUND

In December 1993, Plaintiff Roderick Randolph began working as a substitute teacher for Defendant Detroit Public Schools, a covered employer under the FMLA. Beginning in May 2011, Plaintiff became a full-time substitute teacher with Defendant. As of February 2014, Plaintiff was a qualifying employee for purposes of being entitled to take leave under the FMLA because he had worked more than the required 1250 hours in the preceding 12-month period.

Plaintiff represents that he received notification in early February 2014 that his mother had been admitted to the hospital with cancer. Plaintiff states that his mother was incapacitated in the hospital and needed his assistance with care and personal matters. Plaintiff claims he acted as his mother's caretaker while she was incapacitated. About three days after learning of his mother's medical condition, Plaintiff went to Defendant's human resources department to request medical leave to care for his mother. Plaintiff spoke with Andrea Davis ("Ms. Davis"), who testified that she was a human resources technician for Defendant. Plaintiff testified that he indicated to Ms. Davis that he needed to take leave to care for his mother in

2

the hospital. Plaintiff further testified that Ms. Davis advised him that he did not qualify for FMLA leave because he was not a contract teacher. Ms. Davis has offered fluctuating, even contradictory, statements regarding what Plaintiff told her about his need for leave and how she responded.

Plaintiff was not provided with any information regarding FMLA leave, nor did Ms. Davis discuss Plaintiff's request for time off with anyone else in the human resources department. Ultimately, Plaintiff resigned from his position, effective February 18, 2014. About two weeks later, when Plaintiff no longer needed to care for his mother, he returned to Defendant's human resources department to inquire about being placed as a substitute teacher again. At that time, Plaintiff learned he had been placed on Defendant's "do not hire" list, and he was not rehired.

On November 11, 2015, Plaintiff filed the instant cause of action.

### III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B. Analysis**

The FMLA prohibits an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of" an employee's FMLA rights. 29 U.S.C § 2615(a)(l ). An employer also must not retaliate against an employee who uses FMLA leave. *Bryant*

4

*v. Dollar Gen. Corp.*, 538 F.3d 394, 400-01 (6th Cir.2008). Courts have recognized two distinct theories of recovery for violations of the FMLA: (l) the so-called "interference" theory, and (2) the "retaliation" or "discrimination" theory. 29 U.S.C. § 2615(a)(l) & (2); *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006). To prevail on an FMLA interference claim, an employee must show that:

> (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of [his] intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled.

*See, e.g., Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556 (6th Cir. 2006). The FMLA is not a strict liability statute, and "[e]mployees seeking relief under the entitlement theory must therefore establish that the employer's violation caused them harm." *Edgar v. JAC Prods.*, 443 F.3d 501, 508 (6th Cir. 2006).

Defendant asserts that it is entitled to summary judgment for four reasons: (1) Plaintiff has failed to offer sufficient evidence that his mother suffered from a serious medical condition; (2) Plaintiff has not submitted evidence that he had worked the requisite 1250 hours in the preceding 12 months; (3) Plaintiff did not seek reinstatement to the same position; and (4) collateral estoppel bars relitigation of whether Defendant interfered with Plaintiff's right to FMLA leave because the issue was determined by the Michigan Employment Security Commission ("MESC").

5

Defendant first contends that Plaintiff has failed to produce evidence that there was a medical need for him to care for a parent with a "serious health condition." 29 U.S.C. § 2612; 29 C.F.R. § 825.202(b) ("For intermittent leave . . . taken . . . to care for a parent . . . with a serious health condition . . . there must be a medical need for leave."). Defendant argues that Plaintiff has not presented any admissible evidence that his mother had a serious health condition required that he care for her. *Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 337 (6th Cir. 2009) ("Because [plaintiff] failed to establish . . . a 'serious health condition' under the FMLA, we find that he did not make out a prima facie cause under the interference theory.").

A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (a) inpatient care in a hospital, hospice, or residential medical care facility or (b) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). "Continuing treatment" involves, among other things: (1) "A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition . . .," or (2) "Any period of incapacity or treatment for such incapacity due to a chronic serious health condition." 29 C.F.R. § 825.115.

Defendant contends that Plaintiff has not produced <u>any</u> medical evidence of his mother's serious health condition. The record is devoid of any medical documents

6

regarding Plaintiff's mother's health condition (such as doctor's notes or files or hospital records), even though Plaintiff was asked or directed to do so on at least two occasions during discovery and was put on notice of the lack of any such evidence by Defendant during previous motion practice.. First, although Plaintiff claimed in Rule 26 disclosures that he possessed medical documents related to his mother's health condition, Dkt. No. 22, Ex. 2 at PgID 333, ¶¶ 1-2, Plaintiff did not produce any such records during discovery. Plaintiff did not produce any relevant medical records at or after his deposition, even though he was directed to do so pursuant to a "Re-Notice of Taking Deposition Duces Tecum" dated April 6, 2016 (approximately a month before his deposition). Dkt. No. 22, Ex. 3.

Second, Plaintiff did not produce any medical records after Defendant's response to Plaintiff's motion for summary judgment, in which Defendant noted that Plaintiff had not done so. Third, Plaintiff has not produced any medical records of his mother's serious health condition in response to Defendant's Motion. Plaintiff's response relies on his own affidavit and his representation that he could show that:

> [His] mother *did* suffer from a serious illness for which she required Plaintiff's assistance. . . . Plaintiff is able to satisfy this fact through the testimony of Plaintiff's mother who is a listed witness. Further, it is possible that Plaintiff's mother, a disinterested non-party witness, may be able to obtain medical documentation if subpoenaed or otherwise ordered.

7

Dkt. No. 24, PgID 385 (emphasis in original).

The Court finds that there is no genuine dispute of material fact that Plaintiff has not satisfied his burden of showing that his mother had a "serious health condition." Plaintiff's testimony, whether by deposition or affidavit, that his mother suffered from cancer is inadmissible hearsay and cannot establish a genuine dispute of material fact. *See, e.g., Hyldahl v. Michigan Bell Tel. Co.*, 503 F. App'x 432, 439 (6th Cir. 2012) ("a plaintiff's own testimony, standing alone, is insufficient to prove incapacity under the FMLA, and/or that a plaintiff's own assertions regarding the severity of her medical condition are insufficient to establish a serious health condition."); *Schaar v. Lehigh Valley Health Servs.*, 589 F.3d 156, 161 (3rd Cir. 2010) ("we do not find lay testimony, by itself, sufficient to create a genuine issue of material fact. Some medical evidence is still necessary to show that the incapacitation was 'due to' the serious health condition"); *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 591 (7th Cir. 2008) (an employee has "an obligation to show a serious health condition, and . . . general testimony that [a] condition [is] serious is insufficient to raise a genuine issue of material fact on this issue"); *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 910-12 (7th Cir. 2008) (employee's failure to submit evidence of continuing treatment by a health care provider is fatal to an employee's FMLA interference claim); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560,

8

564 (7th Cir. 1996) (plaintiff's "testimony regarding his doctor's statement, submitted for the purpose of establishing [his disability], is therefore inadmissible and incompetent evidence to oppose summary judgment").

The Court is not persuaded by Plaintiff's argument that Defendant had the burden to obtain what it deems to be adequate medical documentation once Plaintiff had provided Defendant with notice that he was seeking FMLA qualifying leave. Plaintiff's argument may be relevant with respect to Defendant's obligation under the FMLA when an employee requests leave to care for a family member—which occurs at or prior to the time the FMLA violation occurs. Plaintiff's argument is misplaced with respect to Defendant's burden in defending this cause of action. Once litigation in this FMLA action commences, Plaintiff – not Defendant – had the burden to show that his mother had a serious medical condition. As noted above, Defendant requested, in several contexts, that Plaintiff produce evidence of his mother's serious health condition, but Plaintiff never produced any such evidence. If Plaintiff's mother suffered from cancer in early February 2014, it should have been very easy for Plaintiff to obtain medical documentation regarding her diagnosis/treatment.

Based on Plaintiff's failure to produce any admissible evidence of "the objective existence of a serious health condition," *Bauer v. Varity Dayton-Walther Corp.*, 118 F.3d 1109, 1112 (6th Cir. 1997), the Court grants Defendant's Motion for

9

Summary Judgment on Plaintiff's FMLA claim.[1]

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Dkt. No. 22]** is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Dkt. No. 17]** is **DENIED** as moot.

IT IS FURTHER ORDERED that Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

IT IS ORDERED.


Dated:  March 22, 2017        S/Denise Page Hood
                              Denise Page Hood
                              Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager

---

[1] On April 12, 2016, Plaintiff filed a Motion for Summary Judgment [Dkt. No. 17], which motion was fully briefed.  A hearing on Plaintiff's motion was held on June 8, 2016, but no Order was issued regarding Plaintiff's motion.  Based on the Court's dismissal of Plaintiff's cause of action, as set forth in this Order, Plaintiff's Motion for Summary Judgment is denied as moot.