**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK RANDOLPH

    Plaintiff,

v.                                                                       Case No. 15-13975
                                                                       Honorable Denise Page Hood

DETROIT PUBLIC SCHOOLS,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
RELIEF FROM FINAL JUDGMENT PURSUANT
TO FED. R. CIV. P. 60 AND FED. R. CIV. P. 59 [#30]**

**I.    INTRODUCTION**

Plaintiff filed this cause of action on November 11, 2015, alleging that he was constructively discharged in violation of the Family and Medical Leave Act ("FMLA"). On March 22, 2017, the Court issued an Order that granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. On April 3, 2017, Plaintiff filed his Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60 and Fed. R. Civ. P. 59 ("Motion for Reconsideration"). Dkt. No. 30.

**II.    BACKGROUND**

The relevant facts regarding this case were set forth in the Court's March 22,

2017 Order. The Court incorporates those facts by reference in this Order.

## III. ANALYSIS

Although Plaintiff's Motion is titled "Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60 and Fed. R. Civ. P. 59," the Court finds that it is a motion for reconsideration and treats it as one.

### A.  Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL

1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

**B.     Analysis**

The Court finds that Plaintiff fails to offer any new argument in his Motion for Reconsideration. Plaintiff's current arguments, like his arguments with respect to the parties' summary judgment motions, focus on statements that his mother was admitted to the hospital with a serious medical condition. The undisputed evidence presented shows that Plaintiff told Defendant's Human Resources Service Technician Andrea Davis that he needed leave to care for his mother who was seriously ill, but Plaintiff's Motion for Reconsideration is plagued by the same deficiency as his prior filings.

In support of his Motion for Reconsideration, Plaintiff asserts that his mother and her treating doctors **would testify at trial** regarding her serious medical condition. But, Plaintiff never provided evidence that: (a) his mother has (or had) cancer or systemic lupas; or (b) he cared for his mother at the hospital. Plaintiff did not provide any such evidence to Defendant prior to filing the lawsuit, he did not provide it during discovery, he did not submit such evidence at the summary

3

judgment stage, and he has not provided it in support of his Motion for Reconsideration – even after the Court noted in the March 22, 2017 Order that Plaintiff has continually failed to provide such evidence. In order to survive summary judgment, Plaintiff had to submit such evidence before or at the summary judgment stage to defeat a summary judgment motion. Merely stating that such evidence will be presented at trial is not sufficient to survive a Rule 56 motion.

Plaintiff argues that Defendant did not request any information regarding his mother's alleged serious health condition. Plaintiff's argument is erroneous – and it was presented to the Court at the summary judgment stage. The Court considered and analyzed that argument, and then the Court specifically addressed the argument in its March 22, 2017 Order. *See* Dkt. No. 28, PgID 529-33. As Defendant's argument regarding this issue is nothing more than a "present[ation of] the same issues ruled upon by the Court," it is denied. *See* E.D. Mich. L.R. 7.1(h)(3).

The Court concludes that Plaintiff has not satisfied his burden of demonstrating a palpable defect by which the Court was misled and denies Plaintiff's Motion for Reconsideration.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration

[Dkt. No. 30] is **DENIED**.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager